# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3603

_____

| | | |
|---|---|---|
| Windsong Enterprises, Inc., | * | |
| | * | |
| Appellant, | * | Appeal from the Unites States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Eden Isle Corporation; Donald A. | * | [UNPUBLISHED] |
| Tollefson, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 10, 2000

Filed: April 19, 2000

_____

Before McMILLIAN and FAGG, Circuit Judges, and ROSENBAUM,* District Judge.

_____

PER CURIAM.

Eden Isle Corporation owns a planned residential community called the Eden Isle Subdivision in Cleburne County, Arkansas. After Windsong Enterprises, Inc. bought property in the subdivision, Windsong sought to replat and subdivide the property without the approval of a majority of the subdivision's landowners. In April 1998 Eden Isle filed a lawsuit in Arkansas state court to prevent Windsong from doing so, alleging

_____

*The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

Windsong's actions violated the terms of the Plat and Bill of Assurance. (Eden Isle later added Donald A. Tollefson, Eden Isle's president, as a plaintiff.) In January 1999 Windsong filed an answer and counterclaim. Nevertheless, Windsong filed this federal court action raising the same claims as in its state court counterclaim about two weeks later. Eden Isle asked the federal district court to abstain from exercising jurisdiction under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). The district court evaluated the Colorado River factors that determine the existence of exceptional circumstances justifying abstention, and decided to abstain. The district court thus stayed this federal action pending resolution of the state court proceeding, and Windsong appeals. We review the district court's abstention-based stay for abuse of discretion. See Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops., Inc., 48 F.3d 294, 296-97 (8th Cir. 1995).

A court considering abstention under Colorado River must evaluate several factors: (1) whether there is property over which one court has established jurisdiction; (2) whether the federal forum is inconvenient; (3) whether maintaining separate actions may result in piecemeal litigation; (4) whether one case has priority, especially in terms of relative progress; (5) whether state or federal law controls; and (6) whether the state forum is adequate to protect the federal plaintiff's rights. See id. at 297. The district court concluded: (1) although both cases involve Windsong's property, the first factor did not weight in favor of either position; (2) even though the state courthouse in Cleburne County is seventy miles from the federal courthouse in Little Rock, inconvenience of the federal forum is not a significant factor since counsel for both parties reside in Little Rock; (3) the interest in avoiding piecemeal litigation weighs heavily in favor of abstention, since the state court and federal court allegations were the same; (4) the priority of the cases favors abstention, since the state court was filed first, some discovery had been completed, and the state court had entertained various dispositive motions and hearings; (5) although Windsong filed the federal action under 42 U.S.C. § 1983, state law controls and thus favors abstention because the issues involve Windsong's rights as a property owner as interpreted in the Bill of Assurance

and contract; and (6) the state forum would probably be adequate to protect Windsong's rights. Windsong contends the district court misapplied these factors. Having carefully reviewed the matter, we disagree. Further, courts are to apply the <u>Colorado River</u> factors in a practical manner to advance the clear federal policy of avoiding piecemeal adjudication, <u>see</u> <u>id.</u>, and the district court did so in this case. We simply cannot say the district court abused its discretion in staying the federal court action. We thus affirm the district court's order. Because the information is unnecessary to our decision, we deny Eden Isle's motion to supplement the record with documents showing Windsong's actions in the state court proceeding after Windsong filed its federal notice of appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.